Haentze vs. Howe.

HAENTZE VS. HOWE.

28    293
j113    ¹406

(1.) *Construction of Statutes.* (2, 3.) *Appeal from J. P. in replevin.* *Secs.*
1–4, *ch.* 112, *Laws of* 1859; *sec.* 205, *ch.* 120, *R. S.*

1. Where the intent of a statute is manifest, effect should be given to that, rather than to the letter.
2. Secs. 1–4, ch. 112, Laws of 1859, must be so construed as not to require the successful party in a replevin suit to deliver up the property to the losing party, unless the latter perfects an appeal, and gives security for a return of the property in case the judgment is not reversed in the appellate court.
3. The appellant in such a case may perfect his appeal under sec. 205, ch. 120, R. S., without undertaking to get possession of the property under ch. 112, Laws of 1859; and it is error to dismiss such an appeal because the undertaking described in sec. 4 of the last named act has not been given.

APPEAL from the Circuit Court for *Fond du Lac* County.

Replevin, commenced in justice's court, where the plaintiff had judgment. No affidavit and notice of an intention to appeal was filed by defendant with the justice within twenty-four hours, as provided by sec. 2, ch. 112, Laws of 1859; but within twenty days after judgment rendered, he gave the notice and filed the affidavit required by sec. 205, ch. 120, R. S.; the plaintiff having the possession of the goods, pursuant to the judgment. When the cause was called at the circuit, plaintiff moved to dismiss the appeal on the ground that defendant had failed to file the undertaking required by sec. 4, ch. 112, Laws of 1859; and the court made an order dismissing the appeal for that reason; from which the defendant appealed.

*Knowles & Babcock*, for appellant.

*Mayham & Perkins*, for respondent, relied upon the provisions of ch. 112, Laws of 1859, as applicable to appeals in cases like this.

DIXON, C. J. The appeal in this case from the judgment of the justice was dismissed in the court below upon the mista-

ken supposition that the provisions of chapter 112, Laws of 1859, governed; whereas it was an appeal duly taken in pursuance of sec. 205, ch. 120, R. S.  Chapter 112, Laws of 1859, makes certain regulations designed for the benefit and protection of the losing party in a replevin suit tried before a justice of the peace, where such party desires to appeal, and at the same time wishes to prevent the property in controversy from passing into the possession or under the control of the successful party to the judgment, unless the successful party gives security for a return thereof in case the judgment shall be in whole or part reversed on the appeal.  The act might have been much more clearly and perspicuously drawn, and in fewer words, but such was the object chiefly intended to be accomplished by it. This is apparent from the provisions of the second section. The provisions of the third and fourth sections, if the language is to be literally taken and construed, are incongruous and faulty in the extreme.  The third section provides that if, at the expiration of the time for appeal, the appeal has been perfected and the successful party has not filed his recognizance, as provided by the act, then such property shall be delivered to the party bringing the appeal.  The fourth section declares that if the property mentioned in such order has been delivered to the appellant, the appeal shall not be effectual for any purpose unless, within the time for taking the appeal, the appellant shall file his undertaking, etc., conditioned that if judgment be rendered against him by the appellate court, he will pay such judgment, together with all costs, damages and disbursements recovered against him, and abide such other or further order or judgment as the court may make in the premises.  Literally construed, these sections seem to authorize or require a delivery of the property to the losing party who has made and filed the affidavit prescribed by section 2, before such party has taken an appeal which shall be effectual for any purpose, or in advance of the making and filing of the written undertaking on his part required by section 4, upon which the validity of

Haentze vs. Howe.

his appeal wholly depends. Such is the inference from the words in the beginning of section four, "if the property mentioned in the order has been delivered to the appellant, the appeal shall not be effectual for any purpose," etc.; and likewise the literal interpretation of section 3, unless it is changed or obviated by the provision there made that the property is to be delivered to the appellant "at the expiration of the time for appeal." It is manifest from the entire scope and object of the statute, as well as from the nature of the case, that the legislature did not and could not have intended that the property should not only be withheld from the successful party to the suit, but that it should in fact be delivered over to the losing party, without any appeal lawfully or properly taken by him, and without any security on his part for its return. The injustice and danger of such a proceeding is too manifest to admit of doubt that the legislature could not have intended it. The provision, therefore, that the property is not to be delivered to the appellant until the time for appealing has expired, may be reasonably understood as implying a condition that it is not then to be delivered to him unless he has made and filed the undertaking prescribed by section four. Such was obviously the intention of the legislature, and, as it is our duty to give effect to the intent rather than the letter of a statute, where the intent is manifest, the act should doubtless receive this construction. "Words of a statute ought not to be interpreted to destroy natural justice," *Rawson v. Bargue*, Style's R., 81. "Where words *per se* are repugnant and very absurd, what is necessary may be supplied by reasonable intendment and good construction." Dwarris on Statutes, 726. And see same author and authorities cited, 725, 826.

The court below dismissed the appeal because the undertaking prescribed by section four had not been given. Literally construed that section declares that the appeal shall not be effectual for any purpose, only in cases where the property in suit has been delivered to the appellant. If the property has not

been delivered to him, his appeal is valid without the undertaking therein provided for. In this case the property was not delivered to the appellant, and so the appeal should not have been dismissed. But, as observed at the outset, the appellant did not resort to the special proceedings prescribed by chapter 112 at all. It was optional with him to do so or not, as he saw fit. He did not make the affidavit provided for by section two, and the property was delivered to the respondent, the successful party before the justice, in the ordinary course of proceeding. The appeal was taken in pursuance of the general statute, and as such was good. The order dismissing it must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.* — It is so ordered.